# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50268
c/w No. 15-50289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS LAGOS-MEDINA,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-378-1
USDC No. 1:11-CR-330-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Lagos-Medina challenges the consecutive sentences imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326, and revocation of his prior term of supervised release. He contends the combined 45-month sentence is

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding Lagos' claim that the 27-month sentence imposed for his illegal-reentry offense is substantively unreasonable, the sentence is within the advisory Guidelines sentencing range; therefore, it is entitled to a presumption of reasonableness. *E.g., United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As Lagos concedes, his assertion the presumption does not apply, based on his claim Guideline § 2L1.2 is not empirically based, is foreclosed by our court's precedent. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). (He raises the issue only to preserve it for possible further review.) Moreover, we have repeatedly rejected assertions that: double-counting of prior convictions necessarily renders a sentence unreasonable; and, the

Guidelines overstate the seriousness of illegal reentry. *E.g.*, *id.* at 529–30; *United States v. Aguirre-Villa*, 460 F.3d 681, 682–83 (5th Cir. 2006).

Additionally, Lagos' contention he returned to the United States because he faced extortion and violent treatment in Honduras and Mexico was considered by the district court and addressed at sentencing. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Accordingly, Lagos' assertions are insufficient to rebut the presumption of reasonableness.

For Lagos' challenge to the 18-month sentence imposed for revocation of his supervised release, such sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because the sentence fell within the advisory range, and was consistent with Guidelines policy regarding consecutive sentences, it is entitled to a presumption of reasonableness. *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008); U.S.S.G. § 7B1.1(a)(2); U.S.S.G. § 7B1.4; U.S.S.G. Ch. 7, Pt. B, intro. comment. As with his challenge to his sentence for illegal reentry, Lagos' claim that the revocation sentence was greater than necessary to meet the goals of § 3553(a), similarly fails to rebut the presumption of reasonableness. *See Lopez-Velasquez*, 526 F.3d at 808–09.

AFFIRMED.